UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| **ALEX ALFONSO SALAVERRIA** | **CIVIL CASE No.** |
| **PLAINTIFF** | |
| | **BIVENS ACTION** |
| VS.       ` | **RACKETEERING** |
| | **ENTERPRISE** |
| **AMERICAN AIRLINES INC.** | **42 U.S.C. § 1961** |
| | **TORTS CLAIM** |
| **ALASKA AIRLINES GROUP** | **SECTION 1983** |
| **DEFENDANTS** | |

_____

**Plaintiff demands trial by JURY**

**Plaintiff in the above captioned action, alleges as follows:**

## JURISDICTION

1. This is a CIVIL ACTION brought pursuant *Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).* This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 2201 and RACKETEERING ENTERPRISE 42 U.S.C. § 1961, TORTS CLAIM SECTION 1983

## PARTIES

2. A.   PLAINTIFF: ALEX ALFONSO SALAVERRIA
   ADDRESS:   14357 LANNING DRIVE
              WHITTIER, CA 90604

3. A.   DEFENDANT: AMERICAN AIRLINES INC.
   ADDRESS:   4333 AMON CARTER WAY
              FORT WORTH, TX 75261-9001

**B.     DEFENDANT: ALASKA AIRLINES GROUP**
**19300 INTERNATIONAL BLVD.**
**SEATTLE, WA. 98188**

**4.  THE FACTS OF THE COMPLAINT AGAINST DEFENDANTS**

**PRIVACY- Federal Constitutional Rights:  FOURTH AMENDMENT of the CONSTITUTION of the UNITED STATES OF AMERICA, are rights that individuals have to protect themselves against government actions. Tort rights, are rights that individuals have against a wide variety of entities, such as  private persons and business entities, in addition to the government. Thus while the Fourth Amendment protects an individual's privacy from unjustified government intrusion, privacy torts protect an individual's privacy from other individuals, including the government.**

*"One who intentionally intrudes physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy."*

*PLAINTIFF* **SALAVERRIA has informed of ILLEGAL SURVEILLANCE on numerous occasions.  Federal Agents acting in the name of the DEPARTMENT OF HOMELAND SECURITY (LEGAL TEAM, RESCUE TEAM, SECURITY TEAM, SPECIALTY TEAM) in direct coordination with the LOS ANGELES POLICE DEPARTMENT (LAPD) have disclosed private matters, whereabouts of PLAINTIFF, disclosure of "Medical Records" (Protected under HIPAA Act) which constitutes a FEDERAL CRIME without legal consent of disclosure from PLAINTIFF.  A point is clearly made that it is not the first time FEDERAL AGENTS have LIED and FALSIFIED information to cover up for their crimes, not to mention to retrieve or receive PRIVATE INFORMATION from CARRIER(S): AMERICAN AIRLINES and ALASKA AIRLINES: DEFENDANT(S) which is prohibited as stipulated in the PRIVACY binding CONTRACT and those that concern the CONDITIONS OF CARRIAGE between CARRIER and PASSENGER. All the duly described matters and scenarios are fully described in the complaints [21-cv-01759-TNM] [21-cv-02940] presented to the District Court of the District of Columbia, whereas PLAINTIFF has refiled the complaint filed against the UNITED STATES OF AMERICA for serious violations that fall under RACKETEERING ENTERPRISE under 42 U.S.C. SECTION 1961 (a).  There has been ILLEGAL SURVEILLANCE involved, not to mention theft of US POSTAL mail (ILLEGAL SEIZURE) of CONFIDENTIAL DOCUMENTS, not to mention THEFT of MEDICATIONS**

that are for the treatment of PLAINTIFF for his HIV Condition.  Tampering with evidence is a serious crime, however under the direct involvement of the Governor of California Gavin Newsom, these "AGENTS" and many Law Enforcement: (OFFICERS/ DEPUTY SHERIFF'S/ FEDERAL INVESTIGATORS) have conducted ILLEGAL SURVEILLANCE and have ILLEGALLY PROSECUTED PLAINTIFF SALAVERRIA.  Under the scope of this scenario any communication between these described "AGENTS" and the DEFENDANT(S) in the suit is completely ILLEGAL unless a signed COURT ORDER from a FEDERAL JUDGE is duly presented to a PRIVATE entity for the DISCLOSURE of PRIVATE INFORMATION of the PASSENGER under CONTRACT FOR AIR TRANSPORTATION until FINAL DESTINATION is reached.  PLAINTIFF has noticed many "irregularities" through the years, where his luggage was continuously being "SCREENED" by HOMELAND SECURITY with no reason what so ever unless they were looking for "other matters" that would prove a pattern of ILLEGAL SURVEILLANCE under other PRIVATE AFFAIRS of PLAINTIFF SALAVERRIA.  Other details of these scenarios are described in complaint [21-cv-0290] plus a second complaint filed against the UNITED STATES OF AMERICA in the District Court for the Southern District of New York.  PLAINTIFF has noticed continued ILLEGAL SURVEILLANCE and intrusion of his PRIVATE AFFAIRS even when LEGAL PROCEEDINGS are in effect, which would violate his PRIVACY whereas complaints against [ALL DEFENDANTS] would constitute DEFAULT JUDGEMENT.  Basically PLAINTIFF SALAVERRIA has won his arguments and the COURT must rule to FULLY COMPENSATE PLAINTIFF  for the direct involvement of higher ranking officials and LAW ENFORCEMENT with direct INTRUSION OF PRIVATE INFORMATION and WHEREABOUTS :VIOLATING ALL APPLICABLE LAWS at both STATE and FEDERAL level. [PRIVACY ACT 1974]

**EXHIBIT [A- INCIDENT REPORT KOA-SEA/ ALASKA]**
**EXHIBIT [B-  BREACH OF CONTRACT NOTICE AMERICAN AIRLINES INC.]**

*DEFENDANT(S) AMERICAN and ALASKA* have been code-share partners for many years. With both airlines PLAINTIFF has been an ELITE member for both Mileage Programs [AADVANTAGE and MVP] as well for the of the now defunct US Airways (Current AMERICAN).  Therefore, PLAINTIFF is not a regular passenger, but has an extensive record and has always been a well behaved passenger respecting all aspects of the rule of law.

While PLAINTIFF SALAVERRIA was regularly upgraded to FIRST CLASS, his experience in this section of the aircraft is not new.  He comes from an extensive experience of flying since an early age , not to mention his foundations from education come from class.  While the experience of flying is no longer the same as it was twenty years ago, it made no sense to

1  **PLAINTIFF to see a passenger sitting beside him on [09.20.2021 AA 2052 ORD-CLT] at seat 1B in the FIRST CLASS cabin.  It was like if the "AGENT" placed on that flight was trying "too hard" to dress up and appear "as if" he belonged in that part of the aircraft.  The aspect of the passengers hands gave his identity away immediately and PLAINTIFF deplaned that flight due to his PRIVACY being violated.  This confirming the ILLEGAL disclosure and involvement of ALASKA AIRLINES (Ticket Agent Issuer), AMERICAN AIRLINES (CARRIER), and THIRD PARTY (LAW ENFORCEMENT) : LEGAL TEAM.**

[photograph of a masked passenger in an aircraft cabin]

**UNIDENTIFIED AGENT SEAT 1B AMERICAN (AA 2052 ORD-CLT: 09.20.2021) [NEGLIGENCE IN HIRING AND SUPERVISION FROM DEFENDANT(S) IN CASES 21-cv-01759-TNM, 21-cv-2940/ DISTRICT OF COLUMBIA, and PENDING CASE No. in DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK].**

**AS DULY STATED TO CORPORATE SECURITY ANTHONY GALLAGHER (ORD), HE WILL BE CALLED TO TESTIFY FOR THIS CASE.  THAT INCLUDES ALL AGENTS THAT MORNING FOR FLIGHT AA 2052 ORD-CLT on 09.20.2021 and ALL FLIGHT**

**CREW to testify in FEDERAL COURT.  AMERICAN AIRLINES is then responsible for the loss of $17,500 USD of HIV Medications lost and RACKETEERING ENTERPRISE under 42 U.S.C. SECTION 1961 (a) with THIRD PARTY LAW ENFORCEMENT as duly described in both complaints 21-cv-01759-TNM and 21-cv-02940 in the DISTRICT OF COLUMBIA, and pending CASE No. in the DISTRICT COURT of the SOUTHERN DISTRICT OF NEW YORK.  PLAINTIFF will ask court for LEAVE to AMEND complaint once this information is known.**

**A similar scenario happened with ALASKA AIRLINES in the FIRST CLASS cabin on December 30, 2019 SEA-LAX, which carrier broke the CONDITIONS OF CARRIAGE on that trip that was never completed to FINAL DESTINATION and PLAINTIFF was forced to stay in SEATTLE until CALIFORNIA PRIVACY ACT went into effect on January 1, 2020.  All this argument confirming the VIOLATION of PLAINTIFF'S PRIVACY, and protected by all applicable laws set forth herein.  This is duly described in the INCIDENT REPORT provided as evidence by PLAINTIFF as a timeline of said VIOLATIONS OF PRIVACY.**

## GENERAL ALLEGATIONS
### (Against All Defendants)

**1.)** That at all times herein mentioned, plaintiff **ALEX ALFONSO SALAVERRIA** (hereinafter "PLAINTIFF") was and is an individual residing in the City of West Hollywood and the City of Whittier, County of Los Angeles, State of California.

**2.)** That at all times herein mentioned defendant, *[Agents Acting in the name of AMERICAN AIRLINES ALASKA AIRLINES, Corporate  Institution(s) or Entities representing or acting in the name of AMERICAN AIRLINES and ALASKA AIRLINES (herein after "DEFENDANT(S)") , place of formation unknown, operating and doing business within the State of California, among other State(s) of the United States of America, whose address is* [1.) AMERICAN AIRLINES: 4333 AMON CARTER BLVD., FORTH WORTH, TX 75261-9001] [2. ALASKA AIRLINES GROUP: 19300 INTERNATIONAL BLVD., SEATTLE, WA 98188.]

**3.)** That the true names and capacities whether individual, corporate, associate, or otherwise of defendants, DOES 1 to 100, inclusive, and each of them, are unknown to PLAINTIFF *(except for ANTONY GALLAGHER CORPORATE SECURITY AMERICAN [ORD], DOUG PARKER CEO AMERICAN AIRLINES, BRAD TILDEN CEO ALASKA AIRLINES GROUP, [WENDY ELLIS- AA IAD], MAURA WALSH Attorney to ALASKA  )*\* who therefore sues said DEFENDANTS by such fictitious names.  PLAINTIFF will ask leave the court to amend this complaint when remainder of names are ascertained.  That each of the DEFENDANTS designated herein as a DOE is negligently

or wantonly responsible in some manner for the events and happenings herein referred to, thereby causing damages proximately thereby to PLAINTIFF.

**4.)** In doing the things complained of each DEFENDANT was the agent and employee of his co-Defendant and was acting within the course or scope of his agency and employment with the knowledge and consent of each of said CO-DEFENDANTS.

**5.) <u>VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS</u>**

**Civil rights** remedies come into play for willful **police** conduct that violates an individual's constitutional **rights**. Section 1983 is the primary **civil rights** law victims of **police** misconduct rely upon: False arrest (or false imprisonment).

The Fourth Amendment of the U.S. Constitution provides that "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

In general, most warrantless searches of private premises are prohibited under the Fourth Amendment, unless specific exception applies. For instance, a warrantless search may be lawful, if an officer has asked and is given consent to search; if the search is incident to a lawful arrest; if there is probable cause to search and there is exigent circumstance calling for the warrantless search. Exigent circumstances exist in situations where a situation where people are in imminent danger, where evidence faces imminent destruction.

**6.) <u>VIOLATION OF THE PRIVACY ACT OF 1974/ INVASION OF PRIVACY AND ILLEGAL SURVEILLANCE</u>**

*"The Privacy Act of 1974 (5 U.S.C. § 552a) protects personal information held by the federal government by preventing unauthorized disclosures of such information."—— Individuals also have the right to review such information, request corrections, and be informed of any disclosures.* **"The Freedom of Information Act facilitates this procedure."**

**\*[PLEASE REFER TO ALL (INCIDENT REPORTS) EXHIBITS HEREIN**

*Local State Law Enforcement Officers have violated California Sanctuary Law by communicating private matters protected by law between agencies. By virtue of § 34 of the Judiciary Act of 1789, state law expressed in constitutional and statutory form was regularly applied in federal courts in diversity actions.*

*7.) DEFENDANTS have been and/or are directly involved with lying, falsifying information, obtained information and disclosed illegally, and has communicated private confidential information without legal disclosure or consent.  DEFENDANTS have disclosed personal "MEDICAL" information and records violating the (HIPPA Act).*

*8.) Numerous other agents are directly involved in the unlawful PRIVATE PERSONAL information [ILLEGAL DISCLOSURE] to THIRD PARTY law enforcement officers in the State of California, Washington, Hawaii, New York, Washington DC,  that inflicted harm under instruction of THIRD PARTY Law Enforcement to DEFENDANTS.*

*Therefore in consequence DEFENDANTS have violated (Privacy protected by Amendment Four of the Constitution of the United States) Constitutional Laws (IV, V, VIII) , Federal Laws, and State Laws in numerous states in the union including California, Washington, Hawaii, New York, ILLINOIS, and Washington DC.*

## FIRST CAUSE OF ACTION
### (Negligence Against All Defendants)

**10.)** On or about the following date(s) and time(s): (December 30, 2019- SEATTLE, WA.  January 31, 2019-SEA, September 19, 2021 SAN FRANCISCO, CA.-SFO, September 20, 2021 CHICAGO, IL-ORD, WASHINGTON DULLES-IAD.    At all times hereinafter mentioned PLAINTIFF was owed the highest duty of care at the PREMISES of all locations mentioned in this suit represented by DEFENDANT.   DEFENDANTS had no right to disclose PRIVATE INFORMATION to a THIRD PARTY

**11.)** That at the said and time and place, DEFENDANTS each and every one of them, caused damages to PLAINTIFF.

**12.)** That at the time and place, PLAINTIFF was BREACHED OF THE CONTRACT of CONDITIONS OF CARRIAGE by both ALASKA AIRLINES GROUP and AMERICAN AIRLINES. PLAINTIFF was denied the completion of journey to FINAL DESTINATION on two separate occasions missed his required life saving medication per being ***HIV POSITIVE*** and AMERICAN AIRLINES is responsible for the loss of $17,500 USD of HIV Medications in [BAG TAG AA 5001 272 628 SFO-ORD-CLT-IAD] and both carriers have violated the CONDITIONS OF CARRIAGE and BAILMENT CONTRACT with PLAINTIFF.

**13.) That at the said time and place DEFENDANTS, negligently, wantonly, carelessly, intentionally, and recklessly PROVIDED PRIVATE CONFIDENTIAL information to a THIRD PARTY without a (LEGAL) warrant, against his will and without justification or**

excuse, and lost $17,500 USD of medications that were ILLEGALLY seized without legal jurisdiction.

**14.) In or about December 30, 2019 [SEA], September 19, 2021 [SFO], September 20, 2021 [ORD] DEFENDANTS negligently, wantonly, carelessly, intentionally, and recklessly, DISCLOSED PRIVATE MATTERS to the THIRD PARTY LAW ENFORCEMENT about PLAINTIFF, and as a result of DEFENDANT was in direct communications with CALIFORNIA LAW ENFORCEMENT violating SANCTUARY LAW, and CONDITIONS OF CARRIAGE, for an ILLEGAL INVESTIGATION about PLAINTIFF without a LEGAL WARRANT.**

**15.) That as a proximate result of the said acts of the DEFENDANTS, PLAINTIFF was jeopardized in his health because of missing his daily routine of medications.**

**16.) That as a further proximate result of the said acts of the DEFENDANTS, PLAINTIFF did in fact suffer the most severe humiliation, mental anguish, and emotional distress, all to his damage in an amount to be shown according to proof.**

**17.) That as a proximate result of said acts of the DEFENDANTS, PLAINTIFF sustained severe bodily injuries to various parts of his body.**

**18.) That DEFENDANTS have seized and provided PRIVATE PROPERTY without a "legal warrant" unlawfully giving PROPERTY of PLAINTIFF to a THIRD PARTY.**

**19.) That as a proximate result of a "reoccurring illegal conduct" DEFENDANT through their ILLEGAL DISCLOSURE PLAINTIFF has suffered economical constraint because of the high cost of these medications and treatment.**

**20.) That as a further proximate result of the said acts of the DEFENDANTS, and that of other THIRD PARTY LAW ENFORCEMENT involved as stated herein under the the authorization of DEFENDANTS, PLAINTIFF did in fact suffer once again the most severe form of humiliation, mental anguish and emotional distress, all to his damage in an amount to be shown according to proof.**

## SECOND CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress Against All Defendants)

**21.)** PLAINTIFF herby incorporates herein each and every allegation contained within paragraphs 1 through 24 as set out in full in (**GENERAL ALLEGATIONS**).

**22.)** On or about the following date(s) and time(s): **December 30, 2019 [SEA], September 19, 2021 [SFO], September 20, 2021 [ORD] DEFENDANTS negligently, wantonly, carelessly,**

intentionally, and recklessly, DISCLOSED PRIVATE MATTERS to the THIRD PARTY LAW ENFORCEMENT  about PLAINTIFF, and as a result of DEFENDANT was in direct communications with CALIFORNIA LAW ENFORCEMENT violating SANCTUARY LAW, and CONDITIONS OF CARRIAGE, for an ILLEGAL INVESTIGATION about PLAINTIFF without a LEGAL WARRANT.  DEFENDANTS without warning, justification, defense or privilege, in conscious and reckless and callous disregard of PLAINTIFFS well being, and DEFENDANTS knew, or should have known, that their conduct would cause grave and serious emotional harm, damage and distress to PLAINTIFF.

23.) At no times did PLAINTIFF commit any act which could serve as justification, defense, or excuse for DEFENDANTS actions.

24.) Such conduct of the DEFENDANTS towards PLAINTIFF as herein described was outrageous, intentional, reckless, and beyond all bounds of common decency.

<u>25</u>.) As a proximate result of the herein mentioned acts, PLAINTIFF did in fact suffer the most severe humiliation, mental anguish and emotional distress, all to his damage in an amount to be shown according to proof.

<u>26</u>.) Accordingly, DEFENDANTS acts constitute negligent infliction of emotional distress and are liable to PLAINTIFF for all damages as a proximate result thereof.

<u>FOURTH CAUSE OF ACTION</u>
(Negligent Infliction of Emotional Distress Against All Defendants)

27.) PLAINTIFF hereby incorporates herein each and every allegation contained within Paragraphs 1 through 31 as though set out in full in the (GENERAL ALLEGATIONS).

28.)   December 30, 2019 [SEA], September 19, 2021 [SFO], September 20, 2021 [ORD] DEFENDANTS negligently, wantonly, carelessly, intentionally, and recklessly, DISCLOSED PRIVATE MATTERS to the THIRD PARTY LAW ENFORCEMENT  about PLAINTIFF, and as a result of DEFENDANT was in direct communications with CALIFORNIA LAW ENFORCEMENT violating SANCTUARY LAW, and CONDITIONS OF CARRIAGE, for an ILLEGAL INVESTIGATION about PLAINTIFF without a LEGAL WARRANT. in conscious and reckless and callous disregard of PLAINTIFFS well being, and DEFENDANTS knew, or should have known, that their conduct would cause grave and serious emotional harm, damage and distress to PLAINTIFF.

<u>29</u>.) As a proximate result of DEFENDANTS acts, PLAINTIFF suffered emotional harm, damage, and distress.  The full extent of such expenses incurred and to be incurred are

unknown to PLAINTIFF at this time, and leave of court will be asked to amend said complaint to insert the correct amount when the same is ascertained. This includes the loss and theft of $17,500.00 USD of HIV Medications.

30.) Said emotional harm, damage, and distress is accompanied by physical impact and physical injury to PLAINTIFF due to the loss of life saving HIV MEDICATIONS this causes physical injuries to PLAINTIFF and further injuries as shown according to proof.

31.) Accordingly, DEFENDANTS acts constitute negligent infliction of emotional distress and are liable to PLAINTIFF for all damages as a proximate result thereof.

## FOURTH CAUSE OF ACTION
### (Negligent Hiring and Supervision Against All Defendants)

32.) PLAINTIFF hereby incorporates herein each and every allegation contained within paragraphs 1 through 37 as though set out in full in (GENERAL DISCLOSURES).

33.) At all times herein mentions DEFENDANTS has knowledge and whereabouts of PLAINTIFF through records pertained to the identification of AIRLINE RECORDS and said companies owe the highest degree of care to customers or PASSENGERS in general.

34.) DEFENDANTS knew, or should have known, that since the occupation as AIRLINE PERSONNEL they should not DISCLOSE PRIVATE MATTERS without consent or LEGAL JURISDICTION.

35.) At all times herein mentioned DEFENDANT DOES 1-100, were agents of the other remaining DEFENDANTS as AGENTS or EMPLOYEES of both AIRLINES.

36.) That, in fact DEFENDANTS failed to exercise the appropriate degree of care in the hiring, training, investigating, and supervision of DEFENDANTS DOES 1-100.

37.) That as a proximate result of the said acts misfeasance and nonfeasance of DEFENDANTS, and each of them PLAINTIFF was hurt and injured in PLAINTIFF'S health, strength and activity, sustaining injuries to PLAINTIFF'S body and shock and injuries to PLAINTIFF'S nervous system, all of which have caused and continue to cause PLAINTIFF mental and physical pain and suffering and nervousness. PLAINTIFF was required to employ physicians and health care providers to examine. treat, and care for PLAINTIFF and did and continues to incur medical and incidental expenses which will be shown according to proof.

### SIXTH CAUSE OF ACTION
### (Defamation Against All Defendants)

38.) PLAINTIFF hereby incorporates herein each and every allegation contained within Paragraphs 1 to 44 as though set out in full in (GENERAL ALLEGATIONS).

39.) December 30, 2019 [SEA], September 19, 2021 [SFO], September 20, 2021 [ORD] DEFENDANTS negligently, wantonly, carelessly, intentionally, and recklessly, DISCLOSED PRIVATE MATTERS to the THIRD PARTY LAW ENFORCEMENT about PLAINTIFF, and as a result of DEFENDANT was in direct communications with CALIFORNIA LAW ENFORCEMENT violating SANCTUARY LAW, and CONDITIONS OF CARRIAGE, for an ILLEGAL INVESTIGATION about PLAINTIFF without a LEGAL WARRANT. DEFENDANTS had no bases for uttering such false statements or DISCLOSING PRIVATE CONFIDENTIAL INFORMATION.

<u>40</u>.) Each of the above mentioned statements made by each DEFENDANT was heard by each of the other DEFENDANTS, and, further, was heard by numerous other persons who were at said described location(s) in different explained scenarios set forth herein.

41.) All of the above mentioned statements were unprivileged, and exposed PLAINTIFF to hatred, contempt, ridicule, and disgrace. In addition, these statements caused PLAINTIFF to be shunned and avoided, and had a tendency to injure PLAINTIFF in his occupation other than inflicting a serious negative image to his name. Furthermore, these statements falsely have given PLAINTIFF an image to AMERICAN and ALASKA as being a passenger under FALSE INVESTIGATION and allegations by THIRD PARTY LAW ENFORCEMENT.

### SEVENTH CAUSE OF ACTION
### VIOLATION OF THE UNRUH CIVIL RIGHTS ACT, CIVIL CODE § 51.
### AMENDMENT FOUR OF THE CONSTITUTION OF THE UNITED STATES.
### AGAINST ALL DEFENDANTS

42.) PLAINTIFF hereby incorporates herein each an every allegation contained between Paragraphs 1 to 46 as though set in full herein in (GENERAL ALLEGATIONS).

43.) As set forth above, DEFENDANTS' acts and omissions constitute violations of Unruh Civil Rights Act, Civil Code § 51.

44.) By reasons of DEFENDANTS' unlawful acts, practices, and omissions, PLAINTIFF have suffered monetary damages, humiliation, mental anguish, negative health impact, and physical and emotional distress. PLAINTIFF has no adequate remedy at law to prevent the continuing

and unlawful conduct of DEFENDANTS.  PLAINTIFF has endured harassment and has informed all LEGAL entities all the way to the California Department of Justice and to Diplomatic Authorities of the Government of El Salvador, and to the Organization of American States (OAS).  In order to prevent the continuing and unlawful conduct of DEFENDANTS and, unless enjoined, DEFENDANTS' acts will result in great irreparable injury to PLAINTIFF, and other foreign citizens being abused by FALSE statements and reprehensible corrupt conduct by THIRD PARTY FEDERAL AGENTS and/ or LAW ENFORCEMENT at every level.

45.)  The unlawful acts and practices of DEFENDANTS alleged herein were reckless and willful, and caused great bodily harm to PLAINTIFF.  Therefore, an award of punitive damages, sufficient to punish DEFENDANTS and to serve as an example to deter them from similar conduct in the future, should be made PLAINTIFF claims such amount of damages together with pre-judgement interest thereon pursuant to California Code § 3287, 3288, and/ or any other applicable provision for prejudgment interest. Cal. Civ. Code § 3294(a) The grounds to impose punitive damages in federal actions are similar to those of California actions. [That one or more officers, directors, or managing agents of (Agents acting in the name of DEFENDANTS)  knew of the conduct constituting malice, oppression, and adopted or approved that conduct after it occurred.] Clear and convincing evidence: Oppressive conduct.

46.) By the disclosure of PRIVATE PERSONAL information DEFENDANTS have violated the FOURTH AMENDMENT OF THE UNITED STATES OF AMERICA.

<u>EIGHTH  CAUSE OF ACTION</u>

**CALIFORNIA CONSTITUTION ARTICLE I, § 8 AGAINST ALL DEFENDANTS**

47.)  PLAINTIFF hereby incorporates herein each and every allegation contained within Paragraphs 1 to 54 as though set out in full herein (GENERAL ALLEGATIONS).

48.)  At all times mentioned herein, Article I, Section 8 of the California Constitution was in full force and effect, and was binding on all DEFENDANTS.  Article I, Section 8 requires defendants to refrain from committing acts against public policy.

49.)  In addition to the acts mentioned above, PLAINTIFF was improperly discriminated against and harassed on the basis of his race and sexual orientation, not to mention his medical condition of being HIV POSITIVE.

50.)  The aforementioned conduct by DEFENDANTS constituted a violation of public policy in violation of Article I, Section 8 of the California Constitution.  Such unfair and arbitrary conduct was a substantial factor in causing damage and injury to PLAINTIFF.

51.)  As a direct and proximate cause of DEFENDANTS unlawful acts, PLAINTIFF has been damaged, and will continue to be damaged, on the account of lost income, and related economic losses, including medical expenses, in such amount as shall be established by proof at the time of trial.  PLAINTIFF claims such amount as damages together with pre-judgement interest thereon pursuant to California Civil Code § 3287, § 3288, and/ or any other applicable provision providing for pre-judgement interest.

52.)  As a further direct and proximate result of such acts, PLAINTIFF suffered and continues to suffer severe emotional distress, humiliation, and mental anguish, and were damaged thereby in such amount as shall be established by proof at the time of trial. PLAINTIFF claim such amount as damages together with pre-judgement interest thereon pursuant to California Civil Code §3287, §3288, and/ or any other applicable provision providing for pre-judgement interest.

53.)  In committing the unlawful acts herein alleged, DEFENDANTS acted fraudulently, maliciously, and oppressively.  By reason thereof, PLAINTIFF is entitled to recover punitive damages in an amount to be established by proof at the time of trial.  PLAINTIFF claims such amount as damages together with pre-judgement interest thereon pursuant to California Civil Code § 3287, § 3288, and/ or any other applicable provision providing pre-judgement interest. <u>The grounds to impose punitive damages in **federal actions** are similar to those of California actions</u>

54.) Furthermore PLAINTIFF will pursue criminal charges against certain DEFENDANTS he has discovered through his own field investigation in due process with the California Department of Justice and the Attorney General of the United States of America so all involved individuals are brought to justice.

NINTH CAUSE OF ACTION.
RACKETEERING ENTERPRISE 42 U.S.C. SECTION 1961 (a)

55.) PLAINTIFF hereby incorporates herein each and every allegation contained within Paragraphs 1 to 56 as though set out in full herein (GENERAL ALLEGATIONS).

56.) THAT DEFENDANT(S) HAVE COMMITTED RACKETEERING ENTERPRISE with THIRD PARTY LAW ENFORCEMENT as described in complaints 21-cv-01759-TNM, 21-cv-02940 DISTRICT OF COLUMBIA.  DEFENDANT(S) are then involved with

(A) SECTION 1503 OBSTRUCTION OF JUSTICE, 1510 RELATING TO OBSTRUCTION OF CRIMINAL INVESTIGATION TO THIRD PARTY CRIMINAL LAW ENFORCEMENT, ILLEGAL DISCLOSURE OF PRIVATE CONFIDENTIAL INFORMATION. (B) AIDING AND ABETTING AND CONSPIRACY AGAINST THE RIGHT OF CITIZENS. TITLE 42 U.S.C. SECTION 1962 (a) (b).

57. DEFENDANT(S) ARE INVOLVED IN RACKETEERING ENTERPRISE with THIRD PARTY LAW ENFORCEMENT IN VIOLATION OF HUMAN RIGHTS AND DISCLOSURE OF PRIVATE INFORMATION, THEFT OF PROPERTY THROUGH INTERSTATE COMMERCE REGARDING AIR TRANSPORTATION.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for judgement against DEFENDANTS, and each of them as follows:

### ON THE FIRST, SECOND, THIRD, FOURTH, AND FIFTH CAUSES OF ACTION:

1. For general damages in an amount to be determined at the time of trial, pursuant to California Code of Civil Procedure § 425.10 and §425.11. **The grounds to impose punitive damages in federal actions are similar to those of California actions;**

2. For costs of medical and psychiatric care and treatment, and incidental expenses, according to proof,

3. For loss of earnings and earning capacity, according to proof;

4. For costs of suit incurred herein;

5. For pre-judgement interest;

6. For such other and further relief as the court may deem just and proper

### ON THE SECOND, THIRD, SIXTH, SEVENTH, EIGHTH, AND NINTH CAUSES OF ACTION

1. For general damages in an amount to be determined at the time of trial, pursuant to California Code of Civil Procedure § 425.10 and § 425.11, The grounds to impose punitive damages in federal actions are similar to those of California actions;

2. For costs of medical and psychiatric care and treatment, and incidental expenses, according to proof;

14
BREACH OF CONTRACT AMERICAN AIRLINES

**3. For loss of earnings and earning capacity, according to proof;**

**4. For costs of suit incurred herein**

**5. For pre-judgement interest;**

*SET FORTH IN COMPLAINT 21-cv-01759, 21-cv-02940, where DEFENDANT(S) are mentioned:*

*The Federal Tort Claims Act. 14, however, waives governmental immunity in actions for money damages "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment. Thus, in contrast to section 1983, which was construed in Monell to impose only direct liability on governmental entities," the Federal Tort Claims Act makes the United States vicariously liable for the acts of its employees. The Act contains numerous exceptions to the general rule of vicarious liability, including section 2680(h), which in its original form immunized the government from liability in Bivens false arrest actions." The section was amended in 1974 to provide that "with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of [the Act imposing liability] shall apply to any claim arising out of assault, battery, false imprisonment, 'false arrest, abuse of process, or malicious prosecution. Although the amendment makes no direct reference to Bivens, its legislative history indicates that Congress intended to subject the United States to vicarious liability for violations of the fourth amendment.*

*Therefore, because of direct inflicting action to damage his reputation, by directly lying and falsifying documents, Life Endangerment, Illegal Surveillance, Invasion of Privacy, Negative Health Impact, and direct infliction to Vandalism of Private Property, Pain and Suffering, continued Harassment, Illegal disclosure of Medical Records without consent thus violating the HIPAA Act and rule of PRIVATE disclosure, Violation of Privacy Laws protected by the Fourth Amendment, Plaintiff ALEX ALFONSO SALAVERRIA requests this honorable court to award:]*

A. *Compensatory Damages: that accounts for past and future expenses, lost wages and pain and suffering.*

B. *Punitive Damages: For the reckless conduct of the agents acting in the name of DEFENDANTS; unreasonably risky without care, malicious; intending to harm another without reason or justification and the intentional act or one with reckless indifference to the rights of others. Cal. Civ. Code § 3294(a) The grounds to impose punitive damages in federal actions are similar to those of California actions. [That one or more officers, directors, or managing agents of (Agents acting in the name of DEFENDANTS) knew of the conduct constituting malice, oppression, and adopted or approved that conduct after it occurred.] Clear and convincing evidence: Oppressive conduct*

C. *Emotional Distress Damages: PLAINTIFF suffered personal injuries in addition to mental distress, as a result of negligent or intentional misconduct by DEFENDANTS.*

## IN THE AMOUNT NOT [LESS] OF

## SEVEN MILLION DOLLARS

## "($7,000,000.00 USD)"

**I declare under penalty of perjury that the following is true and correct.**

**NOVEMBER 9, 2021**

*[signature]*

**ALEX ALFONSO SALAVERRIA (AO95-139-271)**

***(PLAINTIFF HERBY RESERVES THE RIGHT TO AMEND THIS COMPLAINT IN THE CASE OF FURTHER HIRING LEGAL COUNSEL IN DUE PROCESS)**

*PROOF OF SERVICE:*